# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 27, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STELLA WATKINS, WIDOW OF CLAY WATKINS JR.,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0390**  (BOR Appeal No. 2048869)
(Claim No. 840070036)

**CENTURY ALUMINUM OF WEST VIRGINIA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stella Watkins, widow of Clay Watkins Jr., by Robert M. Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Century Aluminum of West Virginia, Inc., by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 27, 2014, in which the Board affirmed a September 24, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 16, 2010, decision denying Mrs. Watkins's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Watkins worked as a plant worker for Century Aluminum of West Virginia, Inc. He passed away on March 7, 2009. The death certificate listed squamous cell carcinoma of the right lung as the immediate cause of death and noted that tobacco use probably contributed to the death. Dominic Gaziano, M.D., found Mr. Watkins's lung cancer had a significant contribution

1

from occupational asbestos exposure coupled with a significant cigarette smoking history, and Donald L. Rasmussen, M.D., found Mr. Watkins's fatal lung cancer was attributable to a combination of cigarette smoking and asbestos exposure. The Occupational Pneumoconiosis Board, Joseph J. Renn III, M.D., and John E. Craighead, M.D., were all unable to make a diagnosis of asbestosis. They concluded that in the absence of a diagnosis of asbestosis that Mr. Watkins's terminal lung cancer was the result of significant cigarette smoking without material contribution by occupational pneumoconiosis and/or asbestos exposure. Mrs. Watkins requested dependent's benefits based upon her husband's death, and the claims administrator denied the request on August 16, 2010.

The Office of Judges affirmed the claims administrator's decision and found that the evidence remains insufficient to conclude that occupational pneumoconiosis contributed in a material degree to the death of Mr. Watkins. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mrs. Watkins disagrees and asserts that two physicians opined that occupational pneumoconiosis was a material contributing cause of Mr. Watkins's death. Century Aluminum of West Virginia, Inc., maintains that the Occupational Pneumoconiosis Board opined that neither occupational pneumoconiosis nor asbestos was a material contributing factor in Mr. Watkins's death.

The Office of Judges affirmed the claims administrator's denial of Mrs. Watkins's request for dependent's benefits. The standard for granting dependent's benefits is not whether the employee's death was the result of the occupational disease exclusively, but whether the occupational disease contributed in any material degree to the death. *Bradford v. Workers' Compensation Commissioner*, 185 W.Va. 434, 408 S.E.2d 13 (1991). The Occupational Pneumoconiosis Board agreed with the evaluation of the evidence found by Dr. Craighead and Dr. Renn while disagreeing with the conclusions and opinions of Dr. Gaziano and Dr. Rasmussen. After reviewing the radiology studies, the Occupational Pneumoconiosis Board was unable to make a diagnosis of asbestosis. The Occupational Pneumoconiosis Board agreed with the opinions of Dr. Craighead and Dr. Renn that in the absence of a diagnosis of asbestosis, Mr. Watkins's terminal lung cancer was the result of significant cigarette smoking without any material contribution by occupational pneumoconiosis and/or asbestos exposure. The Office of Judges noted that it must affirm the Occupational Pneumoconiosis Board's determination unless the Occupational Pneumoconiosis Board's decision is clearly wrong in view of the reliable, probative, and substantial evidence in the record. The Office of Judges concluded that the Occupational Pneumoconiosis Board's determination has not been shown to be clearly wrong. The Board of Review agreed with the Office of Judges.

This Court agrees with the conclusions of the Board of Review's Order. The Occupational Pneumoconiosis Board found that it was unable to make a diagnosis of asbestosis based on Mr. Watkins's radiology studies and concluded that occupational pneumoconiosis and/or asbestosis did not contribute in a material degree to Mr. Watkins's death. The Occupational Pneumoconiosis Board found Mr. Watkins's death was from his terminal lung cancer that was a result of his significant smoking history and not materially contributed to by occupational pneumoconiosis and/or asbestos exposure. The Occupational Pneumoconiosis

Board has not been shown to be clearly wrong. Therefore, this Court affirms the Order of the Board of Review in reliance on the findings of the Occupational Pneumoconiosis Board.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 27, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II